**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

LEGION LEGALTECH, CORP.,

          Plaintiff,

    v.

UNITED STATES OF AMERICA, *et al.*,

          Defendants.

Case No.  1:26-cv-2225

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Federal Rule of Evidence 201, Plaintiff Legion LegalTech, Corp. respectfully requests that this Court take judicial notice of the following records in connection with its Motion for a Preliminary Injunction. Each is a fact "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

1.      Attached as Exhibit 1 is a true and correct copy of the public statement by Anthropic, PBC, dated June 12, 2026, titled "Statement on the US government directive to suspend access to Fable 5 and Mythos 5," published on Anthropic's official website. (available at https://www.anthropic.com/news/fable-mythos-access) (last accessed June 23, 2026). This document is not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, and is thus subject to judicial notice under Federal Rule of Evidence 201(b)(2).

2.      Attached as Exhibit 2 is a true and correct copy of the Order Granting Preliminary Injunction in *Anthropic PBC v. U.S. Department of War*, No. 26-cv-01996-RFL, 2026 WL 836842

(N.D. Cal. Mar. 26, 2026) (appeal docketed, 9th Cir. Apr. 2, 2026). The existence and content of this order of a coordinate federal court, including the findings stated therein, are not subject to reasonable dispute and are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, and the order is thus subject to judicial notice under Federal Rule of Evidence 201(b)(2). Plaintiff requests judicial notice of the order's existence and of the findings stated therein, and not of the truth of any disputed fact underlying that separate litigation.

3.      Attached as Exhibit 3 is a true and correct copy of a letter dated December 17, 2025, from Members of the United States Congress to the Acting Inspector General of the United States Department of Commerce, requesting that the Inspector General review potential conflicts of interest of the Secretary of Commerce relating to the artificial-intelligence and data-center industries. The existence and content of this congressional record are not subject to reasonable dispute and are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, and it is thus subject to judicial notice under Federal Rule of Evidence 201(b)(2). Plaintiff requests judicial notice of the letter's existence and content, and not of the truth of the matters asserted therein.

4.      Attached as Exhibit 4 is a true and correct copy of public documentation published by OpenAI, available at developers.openai.com, reflecting that OpenAI's GPT-5.5 model is a current, available artificial-intelligence model offered for general commercial use, including for coding tasks. This documentation is not subject to reasonable dispute and is capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, and is thus subject to judicial notice under Federal Rule of Evidence 201(b)(2).

5.     Attached as Exhibit 5 is a true and correct copy of an article published by Axios on June 13, 2026, titled "How Amazon and the White House ended Anthropic's Fable," available at axios.com. The existence and publication of this news report, and the fact that the matters stated therein were publicly reported, are not subject to reasonable dispute and are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). Plaintiff requests judicial notice of the report's existence and publication, and of the fact that these matters were reported, and not of the truth of the matters asserted therein.

A court may take judicial notice of matters of public record, including agency and court records and publicly available publications, at any stage of the proceeding, and "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2), (d). Legion respectfully requests that the Court take judicial notice of Exhibits 1 through 5.

Dated: June 23, 2026                              Respectfully submitted,

By:  ___/s/_____
Diana Lyn Curtis Shutzer (D.C. Bar No. 1670689)
Gregory L. Ewing (D.C. Bar No. 484684)
Nicholas T. Solosky (*pro hac* forthcoming)
**SPENCER FANE LLP**
1233 Twentieth St NW, Suite 600
Washington, DC 20036
dshutzer@spencerfane.com
gewing@spencerfane.com
nsolosky@spencerfane.com
Tel:  (202) 293-0444

Jeffrey Ratinoff (*pro hac* forthcoming)
**SPENCER FANE LLP**
225 West Santa Clara Street, Suite 1500
San Jose, CA 95113
jratinoff@spencerfane.com
Tel:  (408) 286-5100

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on June 23, 2026, I electronically filed or caused to be filed the foregoing with the Clerk of the Court using the ECF system, which will in turn provide notice to all parties of record.

/s/   Gregory L. Ewing
Gregory L. Ewing (Bar No. 484684)
1233 Twentieth St NW, Suite 600
Washington, D.C. 20036
Tel: 202.293.0444
gewing@spencerfane.com